## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARK SCHEIBE, | ) | CASE NO.: 5:24-cv-432 |
| 10750 Esselburn Rd, | ) | |
| Lakeville, OH 44638 | ) | Judge |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| WAYNE COUNTY | ) | |
| 115 West Liberty Street | ) | **JURY TRIAL DEMAND** |
| Wooster, OH 44691 | ) | |
| | ) | |
| SUE SMAIL, in her official capacity as Wayne | ) | |
| County Commissioner | ) | |
| 115 West Liberty Street | ) | |
| Wooster, OH 44691 | ) | |
| | ) | |
| STEVEN WOLFE, in his official capacity as | ) | |
| Wayne County Director of Environmental Services | ) | |
| 115 West Liberty Street | ) | |
| Wooster, OH 44691 | ) | |
| | ) | |
| JARRA UNDERWOOD, in her official capacity | ) | |
| as Wayne County Auditor | ) | |
| 115 West Liberty Street | ) | |
| Wooster, OH 44691 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Mark Scheibe ("Scheibe") hereby brings this Complaint against Wayne County,

Wayne County Commissioner Sue Smail ("Commissioner Smail"), Wayne County Director of

Environmental Services Steven Wolfe ("Director Wolfe"), and Wayne County Auditor Jarra

Underwood ("Auditor Underwood") for violations of the United States Constitution's Equal

Protection Clause.

1

## I.    INTRODUCTION

1.    The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005).

2.    Specifically, the Equal Protection Clause allows United States citizens to seek recourse under 42 U.S.C. § 1983 when a state or local government entity like Wayne County adversely treats a person differently than others who are similarly situated in all relevant respects in a manner "so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Warren v. City of Athens*, 411 F.3d 697, 710–11 (6th Cir.2005). This can be shown by negativing every conceivable reason for the government's actions or by demonstrating that the actions were motivated by animus or ill-will. *Id.* This is called a "Class of One" theory of discrimination.

3.    Scheibe alleges in this Complaint that Wayne County, Commissioner Smail, Director Wolfe, and Auditor Underwood acted in concert to treat him differently in calculating and enforcing his sewer bills and real estate property taxes than every other similarly situated person in Wayne County. Scheibe will allege how Director Wolfe and Auditor Underwood calculated Scheibe's sewer bills and property taxes in an irrational manner that caused Scheibe's properties to bare a disproportionate amount of these costs. Further, Scheibe will allege this disparate treatment is primarily caused by the direction of Commissioner Smail, who is motivated by personal animus and ill-will against Scheibe.

## II.     PARTIES

4.      Scheibe is a longtime resident of Wayne County, who owned and operated Fiore's Italian Ristorante at 2179 Lincoln Way E, Wooster, OH 44691. He also owns and leases out multiple rental properties throughout Wayne County. Specifically, he once owned or currently owns the following properties in Wayne County:

| Parcel No. | Address | Type of Property | Ownership Dates |
|---|---|---|---|
| 18-00061.003 | 10750 Esselburn Rd | Residence | 2010-Present |
| 18-00061.004 | Snoddy Rd | Vacant Land | 2007-Present |
| 18-00061.005 | 10930 Esselburn Rd | Airplane Hanger | 2014-Present |
| 18-00061.006 | Esselburn Rd | Vacant Land | 2010-2023 |
| 18-00161.008 | 8599 Snoddy Rd | Grass Airplane Runway | 2013-Present |
| 18-00161.002 | 8547 Snoddy Rd | Rental Property | 2007-Present |
| 43-00843.000 | 4050 Columbus Rd | Rental Property | 2011-Present |
| 43-00843.001 | 4050 Columbus Rd | Barn | 2011-Present |
| 43-00845.001 | 3938 Columbus Rd | Rental Property | 1996-Present |
| 43-00845.003 | 3932 Columbus Rd | Rental Property | 1996-Present |
| 56-01293.000 | 3574 Batdorf Rd | Rental Property | 2018-2023 |
| 56-00612.000 | 1330 Barnes Dr | Rental Property | 2017-2023 |
| 65-02259.000 | 1458 Rumbaugh Cir | Rental Property | 2019-Present |
| 56-02543.017 | 2179 E Lincoln Way | Commercial Property | 2009-Present |

5.      Wayne County is a political subdivision of Ohio, which is led by Patrick Herron as the Wayne County Administrator and the following elected Board of Commissioners: Sue Smail, Ron Amstutz, and Jonathan Hofstetter. In civil matters, it is represented by the Wayne County Prosecutor's Office located at 115 West Liberty Street, Wooster, OH 44691.

6.      Commissioner Smail was appointed by Commissioner's Scott Wiggam and Ann Obrecht in July 2016 to be a Wayne County Commissioner after the death of Commissioner Jim Carmichael. In November 2016, Commissioner Smail was elected for a 4-year team and reelected again in November 2020. Her husband – Jim Smail – is the former chairman of the Wayne County Republican Party and former Chairman and Director for Monitor Bancorp, Inc. and Farmers National Banc Corp.

3

7.      Director Wolfe is in charge of the Wayne County Environmental Services Department, which operates the Wayne County Sewer District. His office is in charge of calculating, billing, and enforcing payment of sewer bills for properties connected to the Wayne County Sewer District. He is appointed by and reports directly to the Wayne County Commissioners.

8.      Auditor Underwood is the Wayne County Auditor in charge of appraising and valuing real property for the purpose of assessing real property taxes. Her position is elected independently of the Commissioners for a 4-year term. She was elected to the position in 1999 and has held it since.

### III.    JURISDICTION AND VENUE

9.      This court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges Defendants violated federal statutes and United States Constitution and is seeking redress under federal statute 42 U.S.C. § 1983.

10.      This court has personal jurisdiction over Defendants under 31 U.S.C. § 3732(a) because Defendants can be found in and transact substantial business in the District including business related to Plaintiff's claims.

11.      Venue is proper in the Northern District of Ohio under 31 U.S.C. § 3732(a) because Defendants can be found in and transact business in the Eastern District in Wayne County, Ohio.

## IV.  GENERAL ALLEGATIONS

12.     Scheibe is an engineer and entrepreneur who has started, managed, and led to success multiple business operations. His primary business is co-ownership in a manufacturing company located in Ashland, Ohio that specializes in custom rotational and injection molding, full assembly, and warehousing capabilities. He also has engaged in restaurant businesses and renting property throughout Wayne County, Ohio.

13.     Scheibe throughout his business career has regularly dealt with Jim Smail and his respective banks (i.e., Monitor Bancorp, Inc. and Farmers National Banc Corp). Over thirty years he has used these banks for multiple loans at a time with aggregate balances typically in excess one million dollars at any given time. Through these dealings he developed a personal relationship with Jim Smail.

14.     In 2009, Jim Smail approached Scheibe about taking over a delinquent equipment loan in excess of $80,000 held by Monitor Bank for the restaurant called "East Side Moe's" located at 2179 E Lincoln Way, Wooster OH 44691. Scheibe agreed to take over the delinquent loan and purchased the 1.5 acre commercial property (i.e., parcel no. 56-02543.017) with the "East Side Moe's" restaurant on it and renamed it "Fiore's Italian Ristorante" for $262,500.00 ("Fiore's Property").

15.     That same year, Scheibe reopened the restaurant and proceeded to invest over $100,000 in it over the next three years. In 2012, Scheibe refinanced the Fiore's Property with a $288,750 loan secured by a mortgage from Farmers State Bank. By 2020, the Fiore's Property paid $5,600 in monthly rent to Scheibe, and the restaurant was profitable.

16.     Yet, starting in 2016 when Commissioner Smail – Jim Smail's wife – was elected, Scheibe started experiencing disparate treatment from Wayne County.

5

**Wayne County's Disparate Treatment of Scheibe's Sewer Bills**

17.     The Wayne County Sewer District is split up into the following districts named after the sewer plant each property's sewage is treated at:

| Number | Name |
|---|---|
| 1 | Meadows |
| 2 | Burbank |
| 3 | Kidron |
| 4 | Hillcrest |
| 5 | Eastwood |
| 6 | Riceland |
| 7 | Lake Harmony |
| 8 | Airport |
| 9 | Gingery |

18.     For each district, Wayne County incurs and accounts for separate costs associated with operating each different sewer plant. Each district may have a local Wayne County owned and operated treatment plant treating the sewage or my use a lift station to transport the sewage to a remote treatment plant that is not owned by Wayne County. In the Hillcrest district, sewage is sent to a lift station which is then transported to the City of Wooster owned and operated Hillcrest treatment plant. Wooster then charges Wayne County a fixed rate per 1,000 gallons for treatment services.

19.     For example in 2018, Wooster charged Wayne County $128,264.95 to treat 17,066,940 gallons of sewage generated from the properties within the Hillcrest district. In total, Wayne County incurred $161,712.95 in costs for the Hillcrest district in 2018. That same year, Wayne County collected $158,422 in revenue attributable to the Hillcrest district resulting in a $3,290.87 loss for the year.

20.     Wayne County bills property owners by estimating the theoretical amount of sewage in gallons that property would produce at maximum. For every 400 gallons of sewage a property is estimated to produce at a maximum per day – referred to as a "benefit

6

unit" – Wayne County charges a fixed rate. This fixed rate is different for each district, depending on the costs of each district. For example in 2019, Wayne County increased the benefit unit rate for the Hillcrest district 2% from $55.94 to $57.06 so it could increase its annual revenue by an estimated $3,168.44 to avoid the shortfall like in 2018. Wayne County's benefit rates are dependent on past year's costs and revenue.

21.     Wayne County estimates a property's theoretical amount of sewage by using the Design Flow Requirements for types of the properties found within the Ohio EPA's Greenbook for Design Standards: Wastewater Treatment Plants & Collection Systems. The Design Flow Requirements provide estimates for how much a sewage a type of property is expected to producer per day at peak rates. This estimate does not represent estimated average flow for day, but rather the maximum amount of sewage that type of property could produce in a day. This is because sewers are designed to handle maximum capacity, not average capacity.

22.     For example, an ordinary restaurant is expected to produce at maximum 35 gallons of sewage per seat per day; a 24-hour restaurant at maximum 60 gallons of sewage per seat per day; and a restaurant along a freeway at maximum 100 gallons of sewage per seat per day. So, a restaurant with 100 seats would be expected to produce at maximum 3,500 gallons of sewage per day, for which Wayne County would charge 9 benefit units (i.e., 3,500 divided by 400 rounded up).  If the rate for that district is $57 per benefit unit, then that property's monthly bill would be $513.

23.     If Wayne County accurately uses the Design Flow Requirements to predict a property's sewage production, rather than measure it with a meter, it should in theory still split the costs among property owners on a pro-rata basis (i.e., higher sewage producers pay

7

more costs). Even though the estimated amounts represent a maximum and therefore are not actual estimates of average daily sewage, the benefit unit system serves to create a mechanism by which costs can be divided on a pro-rate basis. So long as the Design Flow Requirements are rigorously and uniformly applied, each property owner will pay their fair share of sewer bill costs.

24.     If Wayne County does not rigorously and uniformly apply the Design Flow Requirements, then property owners will not pay their fair share. For example, compare these two situations:

a. **Uniform and Accurate Estimates and Billing** – in this hypothetical, 5 property owners have to bear the fixed costs of $3,750 to treat their sewage. Assuming the estimates are uniform and accurate (i.e., proportional), Wayne County would apply a $50 benefit unit rate per benefit unit to pay for the $3,750 cost, which would be distributed as follows:

| Property | Benefit Units | Rate | Bill | % of Cost |
|---|---|---|---|---|
| A | 25 | $50 | $1,250 | 33% |
| B | 20 | $50 | $1,000 | 27% |
| C | 15 | $50 | $750 | 20% |
| D | 10 | $50 | $500 | 13% |
| E | 5 | $50 | $250 | 7% |

b. **Arbitrary and Inaccurate Estimates and Billing** – in this hypothetical, 5 property owners still have to bear the fixed costs of $3,750 to treat their sewage. Assume the estimates for Property Owner A are accurate, but the remainder are either underestimated or inaccurately billed causing overall estimated benefit units to drop to 50. This would cause Wayne County to increase its rates to $75 and distribute it as follows:

| Property | Benefit Units | Rate | Bill | % of Cost |
|---|---|---|---|---|
| A | 25 | $75 | $1,875 | 50% |
| B | 12 | $75 | $825 | 24% |
| C | 8 | $75 | $600 | 16% |
| D | 5 | $75 | $375 | 10% |
| E | 0 | $0 | $0 | 0% |

8

25. In the second situation, Property Owner A paid more than his fair share because other property owner's benefit units were inaccurately estimated or billed. Thus, under Wayne County's billing methodology any inaccurate billing or underestimation of another property owner's sewer bills would cause the property owners whose estimations are accurate to pay more than their fair share. Thus, Wayne County must uniformly and accurately apply the Design Flow Requirements to ensure properties are paying their fair share of sewer costs.

26. Wayne County under the direction of Director Wolfe does not actually base its sewer billings on the Design Flow Requirements. Instead, Director Wolfe oversees an arbitrary and targeted process at the direction of Commissioner Smail that forced Scheibe's Fiore's Property to pay a disproportionate share of sewer costs like Property Owner A in the above example. Further, instead of working with Scheibe to address his concerns about paying too high sewer bills, Director Wolfe under the direction of Commissioner Smail aggressively sought to collect these disproportionate sewer costs while letting other similarly situated property owners not pay their sewer bills at all.

27. The Fiore's Property is connected to the Hillcrest district, which accommodates the fourth largest amount of sewage in Wayne County per 2018 data:

| | Riceland | Burbank | Kidron | Eastwood | Airport | Gingery | Hillcrest | Lk Harmony | Meadows | L Martin |
|---|---|---|---|---|---|---|---|---|---|---|
| Monthly Flow | 91,250 | 851,667 | 3,472,580 | 1,591,674 | 24,333 | 258,542 | 1,422,245 | 708,343 | 1,569,196 | 31,968 |
| Daily Flow | 3,000 | 28,000 | 114,167 | 52,329 | 800 | 8,500 | 46,759 | 23,288 | 51,590 | 1,051 |
| Average Annual Flow | 1,095,000 | 10,220,000 | 41,670,955 | 19,100,085 | 292,000 | 3,102,500 | 17,066,940 | 8,500,120 | 18,830,350 | 383,615 |

28. The Fiore's Property has both indoor and outdoor seating. The restaurant averaged $50,000 in sales per month from September to May in sales and these sales increased 60% from June to August. Starting in 2014, Scheibe invested $70,000 to increase Fiore's Property patio space and replace the stage for live bands:

9

| 2012 | 2018 |
| --- | --- |



29.     In late 2016, after Commissioner Smail was elected, Director Wolfe started an audit for the Hillcrest district. This took the form of his office sending out questionnaires to all property owners within Hillcrest district asking them to report information about their businesses necessary to use the Design Flow Requirements to estimate the property's maximum sewage production. Director Wolfe did not physically inspect any properties for this audit, except Scheibe's Fiore's Property.

30.     In a deposition, Director Wolfe stated he was told by the Commissioners to go there and count the seats because Scheibe was "high profile."[1] He did not state which Commissioner told him to audit the Fiore's Property, but it was most likely Commissioner Smail. When Director Wolfe inspected the Fiore's Property, he counted 306 chairs including

---

[1] In his deposition, Director Wolfe stated Scheibe was "high profile" because he was contesting his sewer bills, yet this explanation does not make any sense because Scheibe only started contesting his sewer bills after Director Wolfe increased them after he personally audited the Fiore's Property. His subsequent letters state that he only became aware Scheibe was behind on sewer bills in August 2018.

10

inside and outside seating. Prior to May 24, 2017, Wayne County only charged the Fiore's

Property $180 per month and later $376.79 per month in sewer bills.

31.     On May 24, 2017, Director Wolfe sent Scheibe the following letter in which he

informed him as a result of the audit, Wayne County will increase Fiore's Property sewer

bills to $968.21 per month – a massive increase of $591.42 per month:

May 24, 2017

Fiore's Restaurant
2179 E. Lincoln Way
Wooster, Ohio 44691

To Whom It May Concern,

After several attempts to talk with someone at your establishment about our sewer audit, we counted the available seating in your restaurant. A count of 306 chairs was observed on our visit. Your account states that only 80 seats are used for serving customers. The calculation for estimating the sewer bill for restaurants is done by counting available seating. Since most of the seating is for outside use, we decided that your calculation should only include 206 seats, as a portion will not be used in the winter.

Each benefit unit is calculated using the EPA Green Book average of 400 gallons per day per benefit unit. The calculation for a restaurant is 35 gallons per day per seat, so the following is the calculation for your bill.

35 Gallons x 206 Seats = 7210 Gallons

7210 Gallons ÷ 400 Gallons per Benefit Unit = 18 Benefit Units

$53.79 Monthly Charge x 18 Benefit Units - $968.21
(This will be your new monthly charge)

To try to prevent undue hardship, the Commissioners have agreed to break up the increase into three increases at six-month intervals.

Your sewer bill will increase from $376.79 to $968.21 – An increase of $591.42 per month.

$591.42 ÷ 3 = $197.14

The increase schedule will be:

7-1-17: $376.79 + $197.14 = $573.93
1-1-18: $573.93 + $197.14 = $771.07
7-1-18: $771.07 + $197.14 = $968.21

If you have any questions or would like to discuss, please contact our office (330-287-5420).

Sincerely,

Steven Wolfe, Director
Wayne County Environmental Services
330-287-5420 swolfe@wayneoh.org

32.     Scheibe called Director Wolfe to protest this increase, which resulted in Director

Wolfe sending Scheibe a letter dated August 22, 2018 affirming the findings of the audit and

stating he was treating the Fiore's Property like every other property:

11

August 22, 2018

Mark Scheibe
Fiore's Restaurant
2179 E. Lincoln Way
Wooster, OH 44691

Dear Mr. Scheibe,

After your recent call I reviewed my notes from the Hillcrest sewer audit from early 2017. After several failed attempts were made at your establishment to gain information for the audit I went to your restaurant and counted the available seating. The EPA Green Book establishes guidelines for calculation of expected flows from different types of businesses. This document is used by our department to estimate sewer billing for our customers. The following is the information from my 2017 audit notes:

| | |
|---|---|
| Main Dining Room Seat Count: | 110 |
| Bar Seating: | 51 |
| Outdoor Seating: | 145 |
| Total Seating: | 306 |

We realize that the outdoor seating cannot be utilized during the winter months, but is utilized in the summer months. Therefore, it was decided during the 2017 audit that 100 seats would be deducted from the total seating.

Please understand that sewer calculations take in not only bathroom usage, but also increased kitchen activity and sanitation.

Again, I will go over the calculation for your bill that follow the EPA guideline for a restaurant.

35 gallons per seat X 206 seats= 7210
7210 gallons divided by 400 gallons per benefit unit= 18 benefit units
18 X 55.94= 1006.92

In addition, your phone call and email also prompted me to look back in your account history. Our office noticed that you have not paid a sewer bill through our department since 10/13/2015 and that this year alone your account has incurred $542.22 in late fees. These fees along with late charges are assessed to your property taxes. You must understand that the Sewer Department is run as a business and that extra time and administrative costs are incurred when extraordinary methods are employed in collection of bills. Also, as a business man you must understand that as you attempt to gain more market share and attract more business your overhead will increase also. Sewer like any utility is overhead. Please understand that this is not personal, Wayne County Sewer Department is a service provider therefor all accounts need to be treated the same.

Please Let me know if I can be of further assistance.

Sincerely,

Steven Wolfe, Director
Wayne County Environmental Services
330-287-5420 swolfe@wayneoh.org

33. Yet, Director Wolfe has not treated the Fiore's Property the same as other similarly situated properties serving food within the Hillcrest district. For example, his department incorrectly billed the following similarly situated commercial properties serving food near the Fiore's Property:

12

    a. **<u>American Legion at 1901 Sylvan Rd</u>** – Director Wolfe's department failed to properly apply the Design Flow Requirements to this commercial property that has 57 restaurant seats within its canteen where food is served; 400 seats available for its assembly/banquet hall with a kitchen; and 5 employees. The canteen is an ordinary restaurant with a design flow of 35 gallons per seat (i.e., 1,995 gallons total); the assembly hall has a design flow of 7 gallons per seat (i.e., 2,800 gallons); and each employee has a design flow of 15 gallons (i.e., 75 gallons). Thus, the American Legion should have been charged 12 benefit units, but was only charged 2 benefit units.

    b. **<u>Wayne Lanes at 1983 E Lincoln Way</u>** – Director Wolfe's department failed to properly apply the Design Flow Requirements to this commercial property that has 24 lanes with each having seating for food and the attached tavern having 12 bar seats and 5 at the snack counter. Rather than personally audit the Wayne lanes to determine the total number of seats where people are served food at Wayne Lanes, Director Wolfe's department only accounted for 12 seats. According to its own audit paperwork, Wayne Lanes should have been charged $347 for 6 benefit units (75 gallons per 24 lanes + 35 gallons per 12 seats = 2220 gallons) but was only ever charged $285.

    c. **<u>Kidron Town & Country at 4959 Kidron Rd</u>** – Director Wolfe's department conducted an audit of  Kidron Town & Country in 2021 and found that it should increase its sewer bills from 6 benefit units (i.e., $357) to 11 benefit units (i.e., $627), yet according to Director Wolfe's deposition testimony his department never completed that audit and did not implement that increased amount. Thus, Kidron Town & County has only of what it should since 2017.

34.    Further, Director Wolfe was more aggressive in collecting Scheibe's sewer bills than other nearby commercial properties. For example, based on Scheibe's discussions with the owner of parcel 56-00079.02 – a commercial warehouse located 1605 Sylvan Rd one-mile from the Fiore's Property – Director Wolfe until recently never billed it for sewer bills. Only recently Director Wolfe attempted to collect thousands of dollars of unpaid sewer bills.

35.    These examples bely these broad trends within Director Wolfe's department: (1) it regularly underestimated and never personally audited commercial properties like it did the Fiore's Property; (2) when it conducted audits, it did not always increase the sewer bills for those commercial properties based on those audits like it did for the Fiore's Property; and (3) it did not even charge and attempt to collect sewer bills for all commercial properties like it

aggressively did for the Fiore's Property. When Director Wolfe aggressively audited Scheibe's Fiore's Property, while underestimating and underbilling other similarly situated properties, he caused Scheibe to pay disproportionately high sewer bills like Property Owner A in the second hypothetical example. This disparate treatment makes Scheibe a "class of one" who has been singled out for enhanced enforcement, while others are not, for no rational reason.

36.     In February 2019, Scheibe contacted Commissioner Smail directly to discuss the issue with the sewer bill and she responded to him as follows:

From: Sue Smail <ssmail@wayneohio.org>
Date: February 14, 2019 at 1:37:38 PM EST
To: mscheibe@rotosolutions.com
Subject: Sanitary Sewer

Mark:

After our phone conversation, I had staff do some research and this is what I found:

1) Fiore's is paying at the lowest rate for restaurant establishments of 35 gallons per seat/per day

2) Fiore's has a total seating capacity of 161 seats inside with an additional 145 seats outside

3) The county has not raised your rate even with the addition of the 145 outside seats. You are currently only being billed for the 161 inside seats for a monthly total of $783.16. If we were to bill you for the proportionate share of the outside seating, your current monthly bill would be $1006.92.

4) Rodeway Inn next to you is being charged $950.98 monthly

5) Econo Lodge next to you is being charged $1566.32 monthly

As I also explained to you on the phone, the Hillcrest plant continues to lose money monthly because of the low amount of customers. The fact that you were paying only $180 a few years ago is most likely a direct result of there being no audits done for some time and therefore, the rates were not raised as they should have been relative to an increase in cost of operation.

Mark, there has not been a payment directly to the sewer department since October of 2015. The interest charges alone could pay several months' payments.

We certainly are not trying to run you out of business but we feel that we have done all that we can do to help this situation.

Should you have any other questions or comments, please feel free to contact me.

Regards,

Sue A. Smail
Wayne County Commissioner
428 W. Liberty Street
Wooster, OH 44691
(330)287-5402

14

37. All the reason's Commissioner Smail gave to Scheibe to justify his sewer bills were false or misleading for the following reasons:

   a. The American Legion, Kidron Town & Country, and Wayne Lanes are establishments that served food and paid less than Fiore's Property.
   b. Wayne County was billing the Fiore's Property for outdoor seats, but just reduced the amount of billing for outdoor seating because they were only in use for a few months of the year.
   c. The sewer bills a hotel pay is irrelevant to what a restaurant pays since their Design Flow Requirements are 100 gallons per hotel room.
   d. The Hillcrest district does not have a low amount of customers (4th largest) and prior to the audit was not losing money according to 2014 data.

38. Director Wolfe at some point was prepared to offer Scheibe a compromise that would allow for the Fiore's Property to be billed according to a meter. He drafted a letter offering this, but ended up not sending it after consulting with the Commissioners:

All this is meant to say that we have tried numerous times to explain the Counties position. As offered before your account can be set up using a meter and can be calculated on a "per gallon" rate. Please be aware that the City of Wooster treats the waste from the Hillcrest area so these per gallon prices will be based on costs incurred and subject to actual planned City increases which have been calculated to be 22% over the next 5 years. The rates are as follows:

Cost per 1000 gallons $7.282

Capitol Charge        $ 1.65 month

Minimum Charge        $ 16.38 month

In addition to these charges there will be over strength waste charges for COD (Chemical Oxygen Demand) and TSS (Total Suspended Solids) based on actual test results. There will be 4 tests each month to determine an average and actual cost of testing and collection will be the responsibility of the customer.

COD .132 per pound

TSS .308 per pound

Sample Collection $20.00 per week (this will include meter reading)

COD testing 50.00 mo.

TSS testing 50.00 mo.

To make this change your establishment will be required to install a meter either on the water system or the sewer system that the County will have access to for meter reading.(annual calibration will be required) You will also need to install a sampling port that the County will have access to for sampling each week. The sampling port will need to be outside the building in line with the actual waste stream downstream of the grease trap. All costs here after will be the responsibility of Fiories. Fiories will also be required to pay in full any outstanding balances on the sewer account before transition.

In closing, please be clear that any further communications on this subject should be directed to me and should take written form. Other opinions or circumstances you may have with other government agencies are not the business of this office and cannot be addressed here.

Thank You

Steven Wolfe

15

39.     Scheibe refused to pay his sewer bills until Wayne County addressed his concerns. As a result, Wayne County applied his delinquent sewer bills to his property taxes at a total of $51,270.24 as of present day. On June 13, 2022, Wayne County filed a foreclosure action against the Fiore's Property in Wayne County Court of Common Pleas (Case 2022-CVC-000243) and moved for summary judgment shortly thereafter. Its motion was denied on the basis a material dispute of fact existed as to the reasonableness of Wayne County's sewer bills. The foreclosure action is currently bogged down in discovery dispute due to Wayne County's refusal to produce relevant documents.

40.     Wayne County's aggressive treatment of Scheibe is caused by Commissioner Smail's ill-will towards Scheibe. She has targeted him in the following ways:  (1) Commissioner Smail directed the Hillcrest audit take place in 2016; (2) Commissioner Smail directed Director Wolfe to personally audit the Fiore's Property because Scheibe was "high profile"; (3) Commissioner Smail rejected Director Wolfe's proposal to install a meter on the Fiore's Property; (4) Commissioner Smail offered false reasons to Scheibe on why his sewer bill was increased, and (5) the Commissioner Smail approved a foreclosure action against Scheibe rather than attempt to address Scheibe's concerns.

41.     To date, Commissioner Smail's ill will has successfully prevented Scheibe from reopening the restaurant on the Fiore's Property and selling it to a third party. Scheibe closed the restaurant on March 15, 2020 in compliance with the Ohio Governor's Executive Order that closed all Ohio bars and restaurants to in-house patrons. Fiore's Property was primarily used as an event center due to its large patio seating and frequent live performances, so it could not financially operate as a dine-out establishment.

42.     Shortly after it closed, Scheibe applied for Paycheck Protection Program (PPP) loan through Jim Smail's bank at that time (i.e., Farmers National Banc Corp) immediately when the program opened, but Farmers National purposely failed to submit the application to the Small Business Administration in time for the first round of funding. As a result, Scheibe had to layoff Fiore's employees, and they found alternative work.

43.     Later in 2021, upon the Executive Orders being lifted, due to the costs of reopening after property damage from a break-in, increased competition for event space from the newly built Wayne County Event Center, finding new employees, and the sewer problem, Scheibe could not reopen the restaurant business without suffering losses. He has attempted to sell the Fiore's Property but has received little interest due to the high sewer bills that would have to be paid to operate the restaurant business and the uncertainty around the dispute.

44.     Prospective buyers such as Ed Faught, Mike Tepe, Carl Yacopraro, and Scott Glasgow all cited the sewer bill issue as the reason why they did not want to buy the Fiore's Property. Since Scheibe has not been able to receive any rent from the Fiore's Property since March 2020, nor sell it, he has suffered over $268,800 in damages from this lost rent.

45.     Further, Wayne County's foreclosure action against Scheibe has caused his personal credit score to drop and his interest rates to increase for his other businesses to as high as 18%. The increase in interest rates and his inability to take out new loans has severely harmed Scheibe's other business pursuits.

46.     In all, Wayne County's disparate treatment of him due to Sue Smail's ill-will and animus towards him has cost Scheibe hundreds of thousands, if not millions of dollars in damages.

**Wayne County's Disparate Treatment of Scheibe's Property Taxes**

47.     Scheibe resides in Wayne County and owns or has owned numerous rental properties throughout Wayne County. Between his residence and his rental properties, Auditor Underwood's department has not appraised his properties in a manner similar to other similarly situated residential properties. This disparate treatment makes Scheibe a "class of one" who has been targeted for increased valuation of his properties and assessment of his property taxes, while other similarly situated properties are not.

48.     First, Auditor Underwood's valuation of Scheibe's residence at 10750 Essleburn Rd (parcel no. 18-00061.004) has increased from $278,960 in 2018 to $512,220.00 in 2020, and finally to $691,500 in 2023. This represents a 147% increase in valuation over a 4-year period.

49.      The only thing that changed about Scheibe's residence during that time period was the addition of a 6,289 square foot pole barn in 2019 which Scheibe uses to store 5 personal planes and as a recreation area:

**2018**       **2021**

 

50.     Prior to 2019, Scheibe's residence only consisted of a 3-bedroom 2,452 square feet house with an attached garage, deck, and small porch built in 2009. Auditor Underwood's department only valued the house at $249,450.00 at the time. Next to his residence, Scheibe owned land containing a 2,304 square foot pole barn that was valued at $58,170 at that time (parcel no. 18-00061.004). He kept 3 small planes in it. Neither pole barns have ever been used commercially or leased out.  Adjoining these two properties, Scheibe owned a strip of grass land (parcel no. 18-00161.008) that he regularly mowed so it could serve as a runway for those small planes which also contained a pole barn and cattle shelter valued at $30,850.00 on it:



51.     Prior to and after 2019, Scheibe was using the properties adjoining his residence as a personal airport. He has never used it commercially. Auditor Underwood collectively valued these three properties including land values in 2018 as follows:

| Parcel No. | Address | Type of Property | Valuations |
|---|---|---|---|
| 18-00061.003 | 10750 Esselburn Rd | 3-bedroom, 2,452 sqft house | $278,960.00 |
| 18-00061.004 | 10930 Esselburn Rd | 2,304 sqft pole barn | $86,270.00 |
| 18-00061.008 | 8599 Snoddy Rd | grass runway, barn, cattle shelter | $106,380.00 |
| Total | | | $471,610.00 |

52.     In 2020, Auditor Underwood's department dramatically increased the valuation of these three properties after Scheibe added the 6,289 square foot airplane hangar to his residence's property and falsely stated his resident was 4 bedrooms, not 3 bedrooms:

19

| Parcel No. | Address | Type of Property | Valuations |
|---|---|---|---|
| 18-00061.003 | 10750 Esselburn Rd | 3-bedroom, 2,452 sqft house, 6,289 sqft pole barn | $512,220.00 |
| 18-00061.004 | 10930 Esselburn Rd | 2,304 sqft pole barn | $104,560.00 |
| 18-00061.008 | 8599 Snoddy Rd | grass runway, barn, cattle shelter | $121,260.00 |
| Total | | | $738,040.00 |

53. In 2023, Auditor Underwood's department again dramatically increased the valuation of these three properties even though there was no change on the properties:

| Parcel No. | Address | Type of Property | Valuations |
|---|---|---|---|
| 18-00061.003 | 10750 Esselburn Rd | 3-bedroom, 2,452 sqft house, 6,289 sqft pole barn | $691.500.00 |
| 18-00061.004 | 10930 Esselburn Rd | 2,304 sqft pole barn | $141,160.00 |
| 18-00061.008 | 8599 Snoddy Rd | grass runway, barn, cattle shelter | $163,700.00 |
| Total | | | $996,360.00 |

54. According to Auditor Underwood's department, the addition of a 6,289 square foot pole barn to Scheibe's residential property increased the value of those collective properties from $471,610.00 in 2018 to $996,360.00 in 2023. This 111% increase in valuations of Scheibe's properties resulted in an increase his property taxes as shown by these graphs of each property's historic appraised values and taxes:

**Parcel No. 18-00061.003, 3-bedroom, 2,452 sqft house, 6,289 sqft pole barn**



**Parcel No. 18-00061.004, 2,304 sqft pole barn**



20

**Parcel No. 18-00061.008, grass runway, barn, cattle shelter**



55.     Not coincidentally, Scheibe experienced this massive increase in his property taxes at the same time he was disputing his sewer bill increases with Commissioner Smail in early 2019. Meanwhile, Commissioner Smail's residential property at 1895 Flickinger Hill Rd (parcel 53-01324.036) consisting of a 4-bedroom 5,359 square foot house with a garage, 2 patios, stable, 3 pole barns, and swimming pool experienced a decrease in property taxes during this time:



56.     Wayne County submitted a 36.52% increase for all residential properties in its 2023 Triennial Property Value Update (i.e., 2020 to 2023). Yet, Commissioner Smail's property valuation did not increase at all in 2023.

57.     Scheibe's other rental properties similarly experienced a marked increase of their valuations and property taxes during the same time, despite none of them having any major improvements added:

| Parcel No. | Address | 2018 | 2020 | 2023 |
|---|---|---|---|---|
| 18-00161.002 | 8547 Snoddy Rd | $101,150.00 | $136,160.00 | $183,820.00 |
| 43-00843.000 | 4050 Columbus Rd | $233,170.00 | $293,230.00 | $298,510.00 |
| 43-00843.001 | 4050 Columbus Rd | $15,250.00 | $22,390.00 | $31,340.00 |
| 43-00845.001 | 3938 Columbus Rd | $72,750.00 | $85,640.00 | $119,900.00 |
| 43-00845.003 | 3932 Columbus Rd | $173,530.00 | $197,610.00 | $276,660.00 |
| 56-01293.000 | 3574 Batdorf Rd | $99,440.00 | $111,340.00 | $155,880.00 |
| 56-00612.000 | 1330 Barnes Dr | $91,850.00 | $118,920.00 | $148,660.00 |
| 65-02259.000 | 1458 Rumbaugh Cir | $93,570.00 | $101,130.00 | $142,600.00 |
| | Totals | $880,710.00 | $1,066,420.00 | $1,357,370.00 |

There is no rational basis for Scheibe's rental properties spread across Wayne County to increase by 54% in valuation at a rate different than other residential properties in Wayne County from 2018 to 2023. It is not plausible that all Wayne County's residential homes increased in value by 54% from 2018 to 2023.

58. Commissioner Smail's influence on Auditor Underwood department's valuations is apparent when her residential properties' 2023 valuation increases are compared with Scheibe's, Auditor Underwood's, and the other Commissioner's valuation increases at the same time. Commissioner Smail's property valuation only increased by 17% and her property taxes decreased, whereas these Wayne County elected official's property valuations increased in line with the rest of Wayne County:

| Parcel No. | Owner | 2018 | 2020 | 2023 |
|---|---|---|---|---|
| 53-01324.036 | Commissioner Sue Smail | $780,460.00 | $914,730.00 | $914,730.00 |
| 27-00019.000 | Commissioner Ron Amstutz | $89,770.00 | $101,740.00 | $144,470.00 |
| 47-00221.000 | Commissioner Jon Hofstetter | $164,010.00 | $186,270.00 | $260,780.00 |
| 67-03012.000 | Commissioner Rebecca Foster | $326,110.00 | $333,070.00 | $428,120.00 |
| 59-02999.023 | Auditor Underwood | N/A | $356,010.00 | $514,040.00 |

59. There is no rational basis for Scheibe's property valuation to increase more than others in Wayne County and there is especially no rational basis for Commissioner Smail's property valuations to not increase at all from 2022 to 2023 when every other person in Wayne County's valuations went up by over 36% on average. This anomaly can only be explained by Commissioner Smail's interfering in Auditor Underwood's property valuations.

22

60. Scheibe brought these issues to Commissioner Smail's attention in June 2019, but she disregarded them at the time, like his complaints about the sewer bills:

From: Sue Smail <ssmail@wayneohio.org>
Date: June 3, 2019 at 10:21:26 PM EDT
To: mscheibe@rotosolutions.com
Subject: Re: Real Estate Taxes

Mark - I have looked at the parcels in question and offer the following :

The parcel that you just sold is obviously a moot point since you sold it for more than the Auditor had it valued for ($167,000) and double what you wanted it reduced to.

Secondly, the 56-0258.001 owned by the McCanns was built in 2008 so is depreciated down in value more than yours.

Thirdly, I am confused by the property #18-00061.003. That property is owned by the Raeders which you sold to them for $80,000 then they put improvements on in the form of new construction in 2009 of $148,000. Yes their taxes are $3980. annually.

Lastly your house is valued at $237,430 for 2452 sf. That is $96.83/sf. and I don't see how that is out of line. There is no additional charge for bedrooms - it is based on square feet. There is added value for the in ground swimming pool and the brick garage however.

In summary, I don't see that you are being overcharged when taking all factors into consideration (such as age) and your recent sale proves that your tax valuation is fair.

Sue A. Smail
Wayne County Commissioner
428 W. Liberty St.
Wooster, OH 44691
330-287-5400

On May 31, 2019, at 4:06 PM, Sue Smail <ssmail@wayneohio.org<mailto:ssmail@wayneohio.org>> wrote:

Mark - I met with Jarra today and she explained the tax figures. I am taking them home with me to further digest and will send you a response over the weekend.

Sue A. Smail
Wayne County Commissioner
428 W. Liberty Street
Wooster, OH  44691
(330)287-5402

From: mscheibe@rotosolutions.com<mailto:mscheibe@rotosolutions.com> <mscheibe@rotosolutions.com<mailto:mscheibe@rotosolutions.com>>
Sent: Monday, May 13, 2019 1:00 PM
To: Sue Smail <ssmail@wayneohio.org<mailto:ssmail@wayneohio.org>>
Subject: Real Estate Taxes

Good Afternoon Sue,
I took a few moments to investigate the current tax burden on my address and my neighbor and I compared to two other properties in the area.  I found some amazing differences.  Please review these addresses and let me know what you notice.  Parcel number 43-00633.007 at $1718.60 per year. Parcel Number 56-02518.001 at $2,072.64 per year.

The properties at my location 18-00061.000 at $2419.07 per year.  There is no electric, no septic, no driveway, no business use.  Parcel 18-00061.003 at $3980.00 per year same kind of building as above for over double the tax.  This tax rate has driven many people away from my project.  The county has been charging my land taxes at rates much greater than others in the same area.  They also have my home as a 4 bedroom home and have been overcharging me for almost 10 years.

I look forward to your response.
Mark

61. In short, Sue Smail decided to use her public position for her own benefit and to further target Scheibe like she did with his sewer bills.

62. Commissioner Smail – motivated by ill will towards Scheibe – interfered in Auditor Underwood's property valuation process to increase his property taxes and decrease her own. This makes Scheibe a "class of one" who is suffering damages in excess of tens of thousands of dollars of disproportionate property taxes as a result.

23

## COUNT ONE: VIOLATION OF EQUAL PROTECTION CLAUSE
## FOR DISPARATE TREATMENT ON SEWER BILLS
**Against Wayne County, Commissioner Smail, Director Wolfe**

63.     All foregoing Paragraphs are incorporated as if set forth fully herein.

64.     The Equal Protection Clause allows United States citizens to seek recourse under 42 U.S.C. § 1983 when a state or local government entity like Wayne County adversely treats a person differently than others who are similarly situated in all relevant respects in a manner "so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Warren v. City of Athens*, 411 F.3d 697, 710–11 (6th Cir.2005). This can be shown by negativing every conceivable reason for the government's actions or by demonstrating that the actions were motivated by ill-will.

65.     Commissioner Smail – motivated by ill will towards Scheibe – with the assistance of Director Wolfe has caused Wayne County to treat Scheibe's Fiore's Property differently than other similarly situated properties in regard to sewer bill calculation and collection. As a result of Wayne County's aggressive treatment of Scheibe's sewer bills – while simultaneously being lax and generous with others – has caused him hundreds of thousands of dollars in damages ranging from assessed sewer bills, lost rent, reduced property value, and increased interest rates.

Wherefore, Plaintiff Scheibe respectfully request that this Court render a judgment in their favor and against Defendants Wayne County, Commissioner Smail, and Director Wolfe, and award damages as follows:

a. Compensatory damages against Defendants to be determined by the jury in this case;
b. Punitive damages against Defendants to be determined by the jury in this case;
c. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988 or any other law; and
d. An award of costs, interest, and such further relief as this honorable Court deems equitable and necessary to compensate Plaintiff.

**COUNT TWO: VIOLATION OF EQUAL PROTECTION CLAUSE**
**FOR DISPARATE TREATMENT ON PROPERTY TAXES**
**Against Wayne County, Commissioner Smail, Auditor Underwood**

66.     All foregoing Paragraphs are incorporated as if set forth fully herein.

67.     The Equal Protection Clause allows United States citizens to seek recourse under 42 U.S.C. § 1983 when a state or local government entity like Wayne County adversely treats a person differently than others who are similarly situated in all relevant respects in a manner "so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Warren v. City of Athens*, 411 F.3d 697, 710–11 (6th Cir.2005). This can be shown by negativing every conceivable reason for the government's actions or by demonstrating that the actions were motivated by ill-will.

68.     Commissioner Smail – motivated by ill will towards Scheibe – with the assistance of Auditor Underwood has caused Wayne County to treat Scheibe's properties differently than other similarly situated properties in regard to property tax valuations.  As a result of Wayne County's aggressive treatment of Scheibe's property tax valuations – while simultaneously being lax and generous with Commissioner Smail's and others – has caused him tens of thousands of dollars in damages ranging from excessive property taxes, lost profits, reduced property value, and increased interest rates.

Wherefore, Plaintiff Scheibe respectfully request that this Court render a judgment in their favor and against Defendants Wayne County, Commissioner Smail, and Director Wolfe, and award damages as follows:

   a. Compensatory damages against Defendants to be determined by the jury in this case;
   b. Punitive damages against Defendants to be determined by the jury in this case;
   c. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988 or any other law; and
   d. An award of costs, interest, and such further relief as this honorable Court deems equitable and necessary to compensate Plaintiff.

25

Respectfully,


*/s/ Logan Trombley*
Logan Trombley, 0096858
Warner Mendenhall, 0070165
Mendenhall Law Group
190 N. Union St., Ste. 201
Akron, OH  44304
(330) 535-9160;
fax (330) 762-9743
logan@warnermendenhall.com
warner@warnermendenhall.com