IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK SCHEIBE,  Plaintiff,  vs.  WAYNE COUNTY, *et al.*,  Defendants. | CASE NO. 5:24-cv-432  DISTRICT JUDGE CHARLES ESQUE FLEMING  MAGISTRATE JUDGE JAMES E. GRIMES JR.  **REPORT AND RECOMMENDATION** |

On January 20, 2026, the Court entered an Order to Show Cause which required *pro se* Plaintiff Mark Schiebe to appear in person and explain "why the Court should not impose sanctions or recommend that sanctions be imposed up to and including the dismissal of this action for failure to prosecute." Doc. 37, at 2. Plaintiff failed to appear in person or otherwise show cause for his failure to participate. For the following reasons, the Court recommends that Plaintiff's complaint be dismissed, with prejudice, for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## Background

On January 6, 2026, the court issued a Case Management Conference (CMC) Scheduling Order. Doc. 33. In the CMC Scheduling Order, the Court directed the parties case to attend to certain matters:

> 1. The Court ordered the parties to attend a civil Rule 16 Case Management Conference, which the

> Court scheduled for January 20, 2026, in Courtroom 11A.
>
> 2. The Court directed that "[t]he parties are required to exchange initial disclosures at least 5 days before the CMC."
>
> 3. The Court directed that "Plaintiff(s) must make a demand upon Defendant(s) with a written description and monetary breakdown of the damages claimed."

*See* Doc. 33.

As the docket reflects, the Court's staff mailed the CMC Scheduling Order to Plaintiff. *See* January 6, 2024 Docket Entry.

On January 19, 2026, the Defendants filed a notice in which they explained that they had served initial disclosures on Plaintiff via U.S. Mail on January 15, 2026, five days before the scheduled CMC. *See* Doc. 34.

On January 20, 2026, the Court attempted to conduct the scheduled CMC. Plaintiff did not appear and did not notify the Court or Defendants of any reason for his failure to appear. *See* Doc. 35. On January 20, 2026, the Court issued an Order to Show Cause, which directed Plaintiff to appear in Courtroom 11A at 2:00 p.m. on February 5, 2026, to explain "why the Court should not impose sanctions or recommend that sanctions be imposed up to and including the dismissal of this action for failure to prosecute." Doc. 37, at 2.

On February 5, 2026, the Court conducted the scheduled Show Cause hearing. Plaintiff did not appear. The Court addressed the above timeline of

2

events on the record and allowed Defendants' counsel an opportunity to address the timeline of events that have transpired in this case and Plaintiff's engagement, or lack thereof.

## Analysis

Federal Rule of Civil Procedure 41(b) permits the voluntary dismissal of a complaint where the plaintiff fails to prosecute, comply with the Federal Rules of Civil Procedure, or comply with a Court Order.[1] *See* Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) "operates as an adjudication on the merits." *Id.* The Supreme Court has long held that district courts have "the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962)).

The Sixth Circuit has articulated four factors, none of which are dispositive, that a district court should weigh when considering whether to dismiss an action under Rule 41(b). They are:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

---

[1] "Although the language of Rule 41(b) appears to require a motion by the defendant," a "'district court has the inherent power to dismiss a case sua sponte for failure to prosecute.'" *Marchand v. Smith & Nephew*, No. 11-2621, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)).

3

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008); *see also Shavers v. Bergh*, 516 F. App'x 568, 569–70 (6th Cir. 2013).

Here, as to the first factor, Plaintiff's failure to prosecute is intentional or willful. As of the February 5, 2026 Show Cause hearing, Plaintiff had failed to attend two court-ordered hearings, including his own show cause hearing and, as a result, failed to comply with multiple court orders and various directives in those orders. Plaintiff's *pro se* status does not excuse him from following "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *see Ward v. Am. Pizza Co.*, 279 F.R.D. 45l, 458 (S.D. Ohio 2012) (collecting cases). The Court's orders have been clear and simple. As a result, Plaintiff's failure to participate is willful and this factor weighs in support of dismissal.

As to the second factor, Defendants have "'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 737 (citation omitted). Defendant's counsel prepared and submitted initial disclosures. Counsel also appeared in person at both the CMC and the Show Cause hearing. This latter appearance would not have been required had Plaintiff participated in this dispute because there would not have been a need for a Show Cause hearing. So the second factor weighs in favor of dismissal.

4

As to the third factor, Plaintiff was warned about the possible result of his failure to participate. *See* Doc. 37. Additionally, as far as the Court can discern, Plaintiff's failure to meaningfully engage has not been related to any nuance or complexity related to federal litigation. As noted, while some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109; *see also Fields v. Cnty. of Lapeer*, No. 99–2191, 2000 WL 1720727, at *2 (6th Cir. Nov. 8, 2000) ("it is incumbent on litigants, even those proceeding pro se, to follow ... rules of procedure") (quoting *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980)). Out of appreciation for a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily comprehended court deadlines. *See Jourdan*, 951 F.2d at 110. Because Plaintiff's failure to participate has been related to straightforward-procedural issues, such as compliance with basic Court orders, and because he was warned of the consequences for his failure to participate, this factor weighs in favor of dismissal.

As to the fourth and final factor, the Court has considered alternative sanctions. *See Shavers*, 516 F. App'x at 571 (a district court is not required "to incant a litany of the available lesser sanctions"). But due to Plaintiff's failure to meaningfully engage, lack of response or effort to communicate with the

5

Defense counsel, and his failure to comply with at least two Court orders and the various directives contained therein, the Court finds this factor weighs in favor of dismissal.

## Conclusion

For the reasons stated, the Court recommends that Plaintiff's Complaint be dismissed, with prejudice, for failure to prosecute.

Dated: February 5, 2026

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).